## THOMAS COOPWOOD *v.* DANIEL H. MORGAN.

PROCESS: AMENDMENT: WHEN DEFENDANT ENTITLED TO NOTICE OF AMENDMENT OF SHERIFF'S RETURN.—Where the return on an execution, shows that it is satisfied, an amendment which would have the effect of restoring the liability of the defendant, if made for the benefit of the sheriff, and without notice to the defendant, would be void.

IN error from the Circuit Court of Monroe county. Hon. J. M. Acker, judge.

W. R. Cunningham recovered a judgment in the Circuit Court of Monroe county against one R. S. Jones, for $443 68. An execution issued on this judgment, and was levied on personal property of Jones, and a forthcoming bond taken for its delivery, with the plaintiff in error, as surety. This bond was forfeited on the third Monday in August, 1852. An execution issued on this statutory judgment, and D. H. Morgan, the sheriff, failing to return it in due time, Cunningham obtained a judgment in October, 1853, against him for the amount thereof. Morgan paid this judgment, and was thereby substituted to the rights of Cunningham, in the judgment on the forthcoming bond.

Upon the execution, which Morgan failed to return, the following entry was made: "By virtue of the *fieri facias*, I have this day levied on one negro boy, Henry, as the property of R. S. Jones. September 9th, 1853. Signed, D. H. Morgan, sheriff."

At a subsequent term of the court, Morgan obtained leave of the court to amend his return, and a judgment was rendered authorizing him to add the following, in explanation of said entry: "And a doubt having arisen as to whether the said boy was the property of the said defendant, and a demand having been made, and no indemnity given to me to sell the same, I released the said boy without selling him. D. H. Morgan, sheriff."

Morgan then procured an *alias fieri facias* to be issued on the forthcoming bond for his benefit. This execution the plaintiff in error superseded by petition to the Circuit Court. Coopwood relied

in his petition upon the satisfaction of the execution by the levy before stated.

Morgan answered the petition, setting out the amendment to the sheriff's return, as above stated.

Coopwood replied to this answer, that the said amendment was made upon an ex parte application to the court, of which he had no notice.

To this replication Morgan demurred, and his demurrer was sustained, and a judgment rendered discharging the supersedeas; from which Coopwood prosecutes this writ of error.

*W. F. Dowd*, for plaintiff in error.

1. The payment of the money by the sheriff, made him the real plaintiff. There was, by operation of law, an assignment of the debt to him and Cunningham no longer. As the record then stood, Coopwood, the surety, was discharged by the levy on the negro Henry.

The legal effect of the alteration and change of this return, was to create an operative judgment against Coopwood, as much as if an original suit had been brought against him. He should have had notice of the pendency of proceedings, by which his interest was to be so much affected. *Flournoy* v. *Smith et al.*, 3 How. Miss. R. 63.

A sheriff's return of satisfaction on an execution, cannot be set aside as false, upon motion of the plaintiff, without notice to the adverse party. *Mann* v. *Nichols*, 1 S. & M. 257.

As in the last-cited case, this court will overrule the demurrer to the replication of the petitioner, and render final judgment for him.

No case can be found in which an amendment was allowed, which operated to defeat the rights of third parties, without notice. *Emerson* v. *Upton*, 9 Pick. 169, 170; 3 Philips, 1087.

2. Morgan's term of office, as sheriff, had expired at the time of the amendment of his return, as stated in the replication, and admitted by the demurrer. The power to amend the return is only conferred by the courts upon the officer, not on the individual, after the expiration of his term of office. Morgan became individually the owner of the judgment, the real plaintiff, and he was estopped from altering or denying his own return. *Van Campen* v. *Snyder*, 3 How. Miss. 66.

*Sale* and *Phelan*, for defendant in error.

1. The levy is only *prima facie* evidence of satisfaction of an execution, and may be rebutted by showing that the levy was legally removed.    2 S. & M. 428; 4 Ib. 118.

2. The amendment granted the sheriff, in this case, rebutted the presumption of real satisfaction, and was properly allowed. "Amendments by a sheriff, of his returns upon executions, are not regulated by any certain rules, but are addressed to the sound legal discretion of the court." "They are allowed with great liberality, and will be permitted whenever the ends of justice require it."    3 S. & M. 409.    "Where a sheriff sold property on a *fi. fa.* against the defendants, and indorsed the amount of sale on the execution, the property turned out to belong to a third person. . . . . . The court, on motion, authorized the indorsement to be stricken out." 5 Cowen, 280.

3. Sheriffs may amend their entries at any time, on final process, without notice to anybody; otherwise, as to *mesne* process.    Walker R. 518; 3 S. & M. 409.

4. I ask the court's attention to the following cases, as directly in point, without quoting extracts: 2 Stewart, 255; 4 Ala. 534; 7 Ib. 175; 10 Ib. 153; *Allen on Sheriff*, 204.

5. The amendment allowed the sheriff in this case is matter of discretion, from which there is no appeal.    See 3 S. & M. 409, and the cases above cited.    In this case, truth and justice demanded that the amendment should be made.    If not, the judgment, allowing the amendment, could not be declared void on this collateral proceeding.

6. Admit that a plaintiff, whose debt might be lost by permitting such an amendment, or that a defendant, whose property had been taken, had the right to object to such an amendment, even on final process, and on a collateral proceeding, yet this party, the plaintiff in error, has no such right, in law or equity.    He was a defendant, whose property had not been taken, who could not have been harmed by the amendment, who was liable to pay the debt, and whose debt was paid by the sheriff, upon a technical negligence, in no way involving the rights of the plaintiff in error; and, to enable him to recover which from the said plaintiff, as in fairness he ought, the statute was passed under which he proceeded.

Coopwood v. Morgan.

The judgment should be affirmed.

FISHER, J., delivered the opinion of the court.

This was a proceeding in the Circuit Court of Monroe county, by the plaintiff in error, to supersede an execution issued against him at the instance of the defendant in error.

The facts are as follows: Cunningham recovered a judgment, in 1852, against R. S. Jones. An execution was issued on this judgment, and a forthcoming bond taken, with Coopwood as security, which being forfeited, an execution was issued thereon, and was returned by the defendant in error, who was then sheriff of said county, "Levied on one negro boy, named Henry, as the property of the defendant, R. S. Jones." The sheriff, failing to return the execution at the proper time, Cunningham made a motion against him, and recovered judgment under the statute.

After this recovery, the plaintiff in error, without notice to the security, Coopwood, obtained leave from the court to amend the above return, so as to show a disposition of the boy, with a view of having an execution issued on the forfeited forthcoming bond for the benefit of him, the sheriff.

The most important question is, whether the court could permit the amendment to be made, without notice to the parties interested as defendants. By the return, as made, the judgment was, in law, satisfied; and so long as this return stood upon the record, no other execution could be issued. Coopwood was, according to the record, discharged; and the amendment having the effect of restoring the liability, he, of course, ought to have been duly notified of the application, and been placed in an attitude to make his defence. The amendment was therefore clearly void as to the security. But it is said that this was matter of discretion in the court below, and cannot be assigned here as error. The sheriff is now the real party interested in the judgment, and must be held to a rule different from that which would apply if he were acting in his official capacity, having no interest in the controversy.

Judgment reversed, and execution quashed.